# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KEVIN DARNELL JONES                                                            PETITIONER
ADC #112114

V.                              Case No. 5:16-cv-00358 JTK

WENDY KELLEY, *Director*,
Arkansas Department of Correction                                              RESPONDENT

## MEMORANDUM AND ORDER

On November 23, 2016, Petitioner Kevin Darnell Jones filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2) Jones is currently housed in the Tucker Unit of the Arkansas Department of Correction (ADC). Reading this pro se petition liberally, Jones's claims are that the Court, the prosecutor, and his attorney failed to tell him that his plea agreement would not be honored. Jones alleges that the prosecutor used his past prior convictions to enhance his plea deal already negotiated and agreed upon, wherein "all habitual offenders acts and all enhancements [would be] dismissed. (Doc. No. 2, p. 6) He also argues he was subjected to double jeopardy and contends for the first time in this petition that the trial court improperly denied a motion for continuance at his sentencing hearing and that he was not allowed to obtained his latest medical records. (Doc. No. 2, pp. 5-8) On January 10, 2017, Jones consented to the jurisdiction of the United States Magistrate Judge, and the case was reassigned to the undersigned. (Doc. No. 9) For the reasons that follow, the petition for writ of habeas corpus is denied with prejudice. All pending motions are denied as moot.

**Facts**

On October 1, 2015, Jones pleaded guilty to one count of felon in possession of a firearm and no contest to one count of first-degree battery. The Plea Statement indicates Jones understood the charges against him and the range of punishment for each, but he voluntarily waived his rights, to among other things, plead not guilty and go to trial and appeal if convicted, and admit his guilt. (Doc. No. 10-2) The Sentencing Order indicates that Defendant pleaded directly to the Pulaski County (Arkansas) Circuit Court and did not enter a negotiated plea. (Doc. No. 10-3) The sentencing court imposed a 180 month sentence for first-degree battery that ran concurrent to a 60 month sentence for possession of firearms by certain persons. (*Id.*)

There was no appeal from the sentencing order because Jones was not entitled to challenge the validity of his plea in a direct appeal. *See* Ark. R. App. P. – Crim. 1(a). On June 14, 2016, Jones filed a Rule 37 petition alleging ineffective assistance of counsel. (Doc. No. 10-4) In the petition, Jones alleges his counsel "failed to do his job" by failing to interview witnesses and failing to communicate plea offers, failing to prevent him from being subject to double jeopardy, and failing to prepare him for trial. (*Id.*). On June 27, 2016, the circuit court denied the petition for post-conviction relief. (Doc. No. 10-5) Jones did not appeal the denial of his Rule 37 petition.

Respondent admits that Petitioner is in her custody; however, she denies that he is entitled to habeas relief. Instead, Respondent asserts that Petitioner's claims are not only procedurally defaulted but also without merit. (Doc. No. 10, pp. 4-5)

**Discussion**

A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Jones failed to present any of his arguments for a complete round of review by the state courts, so his claims are procedurally defaulted. Even if it is assumed that he has established cause for the defaults of his ineffective assistance claim, Petitioner has failed to establish sufficient prejudice. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013). Lastly, Petitioner's claims are without merit. The record indicates that Petitioner had no promise or agreement as to his punishment; that he

was properly sentenced within the statutory range; that he was not sentenced as a habitual offender; that he was given a reduced sentence according to the sentencing order; and that he was not convicted or sentenced twice for the same offense in violation of double jeopardy as he argues.

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED. All pending motions are denied as moot.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 26th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE